Serial: **261653**

# IN THE SUPREME COURT OF MISSISSIPPI

## No. 89-R-99015-SCT

*IN RE: LOCAL RULES*

**FILED**

MAR 1 7 2026

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

### EN BANC ORDER

Before the en banc Court is the Chancellors of the First Chancery Court District's Motion to Rescind Local Rule 1 for the First Chancery Court District.

The chancellors ask that Rule 1 of the Local Rules for the First Chancery Court District be rescinded effective July 1, 2026.

After due consideration, we find that the motion should be granted.

IT IS, THEREFORE, ORDERED that the motion is granted. Effective July 1, 2026, Rule 1 of the Local Rules for the First Chancery Court District shall be rescinded as set forth in the attached Exhibit A.

IT IS FURTHER ORDERED that the Clerk of this Court must spread this order upon the minutes of the Court and send a certified copy to West Publishing Company for publication in the advance sheets of *Southern Reporter*, *Third Series (Mississippi Edition)*, and in the next edition of the *Mississippi Rules of Court*.

SO ORDERED, this the 17 day of March, 2026.

_____
JOSIAH DENNIS COLEMAN,
PRESIDING JUSTICE
FOR THE COURT

TO GRANT: ALL JUSTICES.

EXHIBIT A

~~LOCAL RULES~~
~~FOR~~
~~FIRST CHANCERY COURT DISTRICT OF MISSISSIPPI~~

## ~~RULE 1. ASSIGNMENT OF CASES~~

~~(a)~~ ~~Pursuant to Uniform Chancery Court Rule 1.06, and subject to Paragraphs (b) and (c) of this rule, all matters filed in this district on and after September 8, 2003, shall be assigned to a single active Chancellor of this district at the time of filing of the action by such method as described in Paragraph (a)(1) of this rule and in such fashion as to ensure such assignments shall be equal and random, that no discernible pattern of assignment exists, and that no person shall know to whom the case will be assigned until such time as it has been accomplished.~~

~~(1) Unless the matter is indicated by the party or his attorney by separate certificate as "exempt from initial assignment" pursuant to Paragraph (b) or a "continued assignment" pursuant to Paragraph (c) at the time of filing of the pleadings, the Clerk, upon receiving the Civil Case Filing Form and the pleadings, shall proceed to draw by lot from a pool of forty-eight (48) lots bearing in equal numbers the first letter of the last name of the active Chancellors, which may also bear an additional initial or initials as directed by the respective Chancellor. The case shall be assigned to the Chancellor indicated upon the first lot drawn from the pool. Once drawn from the pool, a lot shall not be replaced until all lots have been drawn from the pool. Upon the drawing of the final lot, the pool shall be replenished with all of the aforesaid lots, and the process shall resume in a like manner.~~

~~(2) If a Chancellor has directed reassignment of a case pursuant to Paragraph (c) of this rule, then the matter shall be assigned to the Chancellor indicated on the next lot drawn by the Clerk from the pool described in Paragraph (a)(1) which does not indicate the Chancellor directing the reassignment; and each lot drawn during this reassignment bearing the mark of the Chancellor by whom the reassignment was directed shall be returned to the pool.~~

~~(3) The lots comprising the pool described in Paragraph (a)(1) shall be so fashioned as to bear no marks or characteristics which would differentiate one or more from the others, other than the required markings specified in Paragraph (a)(1).~~

~~(4) Upon assigning or reassigning a case pursuant to these rules, the Clerk shall notate the result accordingly upon the docket book.~~

**(b)** The following matters may be exempt from initial assignment to an active Chancellor if the party or his attorney shall certify by a separate Certificate of Exemption from Initial Assignment submitted simultaneously with the filing of the pleadings, in the manner set out in section (3) of this paragraph:

(1) Joint Complaints, including irreconcilable differences divorce actions and other uncontested matters; Pro se irreconcilable differences divorce actions; Name Changes or Birth Certificate Corrections; uncontested Adoptions; uncontested Guardianship or Conservatorship matters; Removal of Minority; Commitments; Bond validations; and any actions initiated by the Department of Human Services, Child Support Enforcement Division.

(2) If a matter listed in Paragraph (b)(1) which has not otherwise been assigned pursuant to these rules becomes a contested matter, or a response from the other party or parties indicating opposition to the requested relief is filed or stated to the Court, the Chancellor to whom the matter is submitted may, on his own motion or on the motion of any party, direct the Clerk to thereafter assign the case by the method specified in Paragraphs (a) or (c).

(3) If a party or his attorney desires to proceed with his case as "exempt from initial assignment," the party or his attorney must file a signed Certificate of Exemption from Initial Assignment with the Clerk simultaneous with the filing of the pleadings, which certifies that (1) he has reviewed Uniform Chancery Court Rule 1.06 and Local Rule 1, and (2) that the matter is exempt from initial assignment.

(4) For purposes of this rule, "uncontested" means that no summons shall be issued in the matter.

(5) Actions initiated by the Department of Human Services, Child Support Enforcement Division, shall be "exempt from initial assignment" without the necessity of filing the separate certificate as otherwise required under this Rule.

**(c)** All modification, contempt, or other matters seeking enforcement, clarification, amendment, or relief from a prior order entered by the Court, except those concerning orders entered in the categories listed in Paragraph (b)(1), shall be assigned to the active Chancellor by whom the order at issue was entered. The party or his attorney shall certify by a separate Certificate of Continued Assignment submitted simultaneously with the filing of the pleadings, in the manner set out in section (1) of this paragraph, that the matter is a "continued assignment." Upon receipt of the pleadings, and the aforesaid certificate, a lot containing a mark representing that Chancellor's name shall be removed by the Clerk from the pool described in Paragraph (a)(1) and assignment made thereby. In any case in which

the Chancellor by whom the order at issue was entered is no longer serving as Chancellor in this district, the matter shall be assigned by the Clerk as specified in Paragraph (a)(1).

(1) The Certificate of Continued Assignment shall be submitted simultaneously with the filing of the pleadings, signed by the party or his attorney, and shall state (1) that he has reviewed Uniform Chancery Court Rule 1.06 and Local Rule 1; (2) that the case was previously assigned pursuant to the Local Rule on Assignment of Cases; and (3) the name of the Chancellor to whom the case remains assigned.

(2) Matters remanded from the appellate courts or transferred from the chancery court of another county in this district shall be assigned in the manner set forth in Paragraph (a), unless the foregoing provisions on "continued assignments" are applicable.

(3) Matters that are transferred from the chancery court of another county outside of this district, or from the county court or circuit court of any county, or matters that are brought before the chancery court on appeal from any inferior tribunal, shall be assigned in the manner set forth in Paragraph (a).

(d) Rule 65 emergency hearings shall be allowed to take place before a Chancellor other than the assigned Chancellor upon a showing by counsel that a good faith effort was made to schedule a hearing with the assigned Chancellor, and further provided that reasonable advance notice is given to and approval obtained by the Chancellor conducting the hearing.

(e) The assignment of a civil action is permanent, unless, and for good cause stated, the assigned Chancellor directs the Clerk to reassign the case to one of the other Chancellors. Where such reassignment is necessary, the Clerk shall use the method described in Paragraph (a)(2) if no method is directed by the Chancellor.

(f) Each case filed in this district after September 8, 2003, shall bear a number as follows: The last two digits of the calendar year in which the case is filed, followed by the sequential number of the case for the county and year, followed by the numerical designation for the county in which the matter is filed, followed by the first letter of the last name of the Judge to whom the case is assigned (e.g., 03-1234-02-M or 03-1234-02-L or 03-1234-02-S).

The following numerical designations shall be used for the counties of this district:

County        Numerical Designation

Alcorn        02

4

Itawamba 29
Lee 41
Monroe 48
Pontotoc 58
Prentiss 59
Tishomingo 71
Union 73

(g) If a divorce action has been assigned pursuant to these rules, and the parties have prepared and executed an agreement concerning all issues in the case, including withdrawal of all requests for relief based on fault grounds for divorce, an attorney of record may submit the agreed Judgment for Divorce-Irreconcilable Differences to any available Chancellor, if the requested Chancellor shall consent for the convenience of the parties and their attorneys. However, any subsequent action in such cause shall be brought before the Chancellor who was assigned to the case pursuant to these rules.

(h) For purposes of this rule, when Chancellor vacates his post, those matters assigned to the exiting Chancellor shall be deemed assigned to the Chancellor assuming the vacated post upon the first day of the term of office of the new Chancellor. The Clerk shall make appropriate amendments to the lots described in Paragraph a(1) to facilitate this transition.

(i) Any matter not otherwise addressed by these rules shall be assigned in accordance with Paragraph (a) of this rule.

[Adopted by order entered August 30, 2004 and approved by the Supreme Court by order entered on October 11, 2004; renumbered and recodified by order of the Supreme Court effective May 18, 2006; Amended and approved by the Supreme Court by order entered February 22, 2007.]